# IN THE COURT OF APPEALS OF IOWA

No. 21-1951
Filed April 13, 2022

**IN THE INTEREST OF A.K. and A.K.,**
**Minor Children,**

**S.W., Mother,**
　　　　Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Brent Pattison, District

Associate Judge.


　　　　A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**


　　　　Brio Porter of Porter Law Firm of Iowa, Des Moines, for appellant mother.

　　　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

　　　　Chira L. Corwin of Corwin Law Firm, Des Moines, guardian ad litem for

minor children and attorney for Ad.K., minor child.

　　　　Lynn Vogan, Des Moines, attorney for An.K., minor child.


　　　　Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights, termination is in the children's best interests, and none of the exceptions to termination should be applied. We also find an extension of time for reunification is not appropriate on this record. We affirm the decision of the juvenile court.

## I.  Background Facts & Proceedings

S.W. is the mother of An.K., born in 2010, and Ad.K., born in 2011.[1]  Both children have behavioral and psychological challenges. An.K. has been diagnosed with attention deficit hyperactivity disorder (ADHD), disruptive mood dysregulation disorder, anxiety, and depression.  Ad.K. has been diagnosed with ADHD, disruptive mood dysregulation disorder, and anxiety.  The children require therapy and medication to manage their mental-health issues.

On September 1, 2020, the mother left the children in the care of a maternal aunt and went to a different state.  At the time the mother left Iowa, her probation officer was recommending that an arrest warrant be issued due to probation violations.  The mother's whereabouts were unknown for a period of time.  The mother did not leave any information that would assist in addressing the children's mental-health difficulties, such as the names of therapists or contacts for continuing the children's medication.  The maternal aunt was unable to care for the children, and they were placed with other maternal relatives.

---

[1] The father of the children is deceased.

On October 30,[2] the children were adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(a) and (c)(2) (2020). The mother periodically contacted the children from a blocked number, ensuring that no one would be able to contact her. The mother did not engage in any services.

The mother did not have contact with the Iowa Department of Human Services (DHS) until she found out her parental rights might be terminated. She stated she was living in Nebraska and had married her paramour, L.A., who the children alleged was a drug dealer. The mother began having contact with the children through video calls. She sent the children a few toys and paid for a haircut for one of the children. The mother participated in individual therapy.

The State filed a petition on September 10, 2021, seeking to terminate the mother's parental rights. At the termination hearing, held on October 11, the mother had not seen the children in person for more than a year. She testified that she could not travel to visit the children because she had panic attacks when she attempted to come to Iowa from Nebraska.[3]

The juvenile court terminated the mother's parental rights under section 232.116(1)(e) (2021).[4] The court found termination of the mother's parental rights

---

[2] October 30, 2020, is considered to be the date the children were formally removed from the mother's care, although she had not actually cared for them since she left the state in August 2020.

[3] This testimony differs from the mother's previous explanation for her absence from Iowa.

[4] Section 232.116(1)(e) applies when the court finds:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child

was in the children's best interests, stating "she has not demonstrated she is able to fulfill the important duties of a parent." The court declined to apply any of the exceptions to termination found in section 232.116(3). The court rejected the mother's request for an additional six months to work on reunification, finding, "six additional months would not make a difference." The mother appeals the court's decision.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the children. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

---

during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so. For the purposes of this subparagraph, "significant and meaningful contact" includes but is not limited to the affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

### III.    Sufficiency of the Evidence

The mother claims there is not clear and convincing evidence in the record to support termination of her parental rights.[5]  She asserts the State failed to show that she did not maintain "significant and meaningful contact" with the children. *See* Iowa Code § 232.116(1)(e)(3).  She states she demonstrated a genuine effort to maintain communication with the children through video visits.

The juvenile court stated:

> [The mother] has not played the role of a parent in an affirmative way in over a year.  She has no involvement in their important medical and mental health services.  She does not participate in their education in any way during the life of this case.  And the only financial support she has provided for them has been payment for one of [An.K.'s] haircuts.  She has not seen the children in-person in over a year.
> She has also only made limited efforts to comply with the case plan recommendations—and those efforts were made late in the case.  She has not participated in a substance abuse assessment as required by the case plan.  She has not provided any drug screens either—and it was hard for DHS to help her access these services in another state.  She has not visited the children in-person so that [Family-Centered Services] can assess parenting skills and work with her on meeting the children's needs.

(Footnote omitted.)

We agree with the court's assessment.  For more than a year the mother was content to let others raise her children.  It was only when she learned her parental rights might be terminated that she reached out to DHS and began to show an interest, although minimal, in the children's circumstances.  The mother

---

[5] The juvenile court terminated on a single ground.  On appeal, the State argues termination is appropriate under two additional grounds.  Because we determine clear and convincing evidence exists in this record to affirm the ground relied upon by the juvenile court, we do not address the additional grounds asserted by the State.

did not affirmatively assume "the duties encompassed by the role of being a parent." *See id.* Her contact is primarily limited to on-line gaming. She does not attend medical appointments. She is not involved in their schooling. The mother is absent from the day-to-day parenting for these children, at her own election. We conclude the court properly terminated the mother's parental rights under section 232.116(1)(e).

## IV. Best Interests

The mother contends that termination of her parental rights is not in the best interests of the children. She claims the children's behavior and mental health have deteriorated while they were in the care of the maternal relatives. The mother argues she can assert "an essential calming influence" on the children.

In considering the best interests of a child, we give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child under section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The court found the mother had not been adequately addressing the children's mental-health problems before she left the state. She set up some appointments for An.K. in 2020, but either cancelled them or did not appear for the appointments, so An.K. was not getting the mental-health care he needed. When she left Iowa, she did not give the children's caregivers the information and

assistance they needed to address the children's unique needs. Further, for several months the children and caregivers had no way to contact the mother. They had to wait for her to contact them, which she did from a blocked number so they could not call her back. The children need the stability of care they have been receiving from the maternal relatives. We find termination of the mother's parental rights is in the children's best interests.

## V. Exceptions

The mother claims the court should have applied an exception to termination under section 232.116(3). She states the court should have decided not to terminate her parental rights because relatives have custody of the children. *See* Iowa Code § 232.116(3)(a). She also asserts the court should have decided not to terminate her parental rights based on the closeness of the parent-child relationship. *See id.* § 232.116(3)(c).

"The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). We may use our discretion, "based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *Id.* (quoting *D.S.*, 806 N.W.2d at 475).

We first turn to the permissive exception that allows a court to elect not to terminate parental rights if a relative has custody of the children, which is true in this case. We consider the age of the children and their need for permanency. The current placement is willing to provide a permanent home for the children. Given these facts, we decline to apply this permissive exception.

The court found that although the mother had a bond with the children, that bond had diminished when she left the children in Iowa to pursue a new life with her husband in Nebraska. The mother's actions show she has not placed the children in a position of importance in her life, which belies her claim she had a close relationship with them. *See* Iowa Code § 232.116(3)(c). Section 232.116(3)(c) provides, "The court need not terminate the relationship between the parent and child if the court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The statutory exception found in section 232.116(3)(c) requires proof by clear and convincing evidence to justify its application. *In re K.F.*, 437 N.W.2d 559, 564 (Iowa 1989); *In re L.V.*, 871 N.W.2d 522 (Iowa Ct. App. 2015). After our close review of this record, we determine the mother has not proven termination will be detrimental to either child. Both children remain with their maternal relatives and have made strides in the absence of their mother. We decline to apply this permissive exception.

The court also considered the exception in section 232.116(3)(b), which applies when a child over ten years of age objects to the termination. An.K., who was ten years old, objected to the termination of the mother's rights. The court expressed some doubt as to whether the exception applied because An.K. was not over ten years old. The court considered the exception, however, and decided that despite An.K.'s objection, termination of the mother's parental rights was in his best interests. We, like the juvenile court, determine this permissive exception should not apply on the facts in this record, including the maturity level of An.K. We decline to apply the exception found in section 232.116(3)(b).

**VI.     Extension of Time**

Finally, the mother asserts the court should have granted her an additional six months to work on reunification.  She states that she was not even aware of the CINA proceedings until March 2021.  She asks for more time to attend therapy and continue with visits.

The court may decide to not terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b).  *See* Iowa Code § 232.117(5); *In re J.H.*, No. 21-1285, 2022 WL 470193, at *3 (Iowa Ct. App. Feb. 16, 2022).  The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).

The court determined it was unlikely "that six more months would make a difference on whether the children could be returned to her custody."  The mother's failure to know about the CINA proceedings was due to her own inattention to the children's lives.  Her failure to keep in contact with the children's caretakers should not translate to giving her additional time to work on reunification.  The mother left the state and has not returned for a period of fourteen months.  Further, the relative placement relayed that this was the fourth or fifth time they served as caretakers for the children in the mother's absence.  We conclude the court properly denied the mother's request for an extension of time.

We affirm the decision of the juvenile court.

**AFFIRMED.**